UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   JIMMY THAD STUTEVILLE,                                            No. 19-11085-j13

Debtor.

**MEMORANDUM OPINION AND ORDER ALLOWING CLAIM OF JUDITH HOLCOMB, IN PART, AS AN UNSECURED PRIORITY CLAIM FOR A DOMESTIC SUPPORT OBLIGATION, AND ALLOWING THE REMAINDER OF THE CLAIM AS AN UNSECURED NON-PRIORITY CLAIM**

THIS MATTER is before the Court on Creditor Judith Holcomb and Debtor's Joint Motion for Summary Judgment on Debtor's Objection to Claim No. 10 and Creditor's Response Thereto ("Motion for Court to Determine Objection to Claim on Stipulated Facts"). *See* Docket No. 50. Judith Holcomb, the Debtor's former spouse, filed a proof of claim for $11,000 as a priority claim for a domestic support obligation ("DSO") arising from guardian ad litem fees the Debtor was ordered to pay in connection with the parties' dissolution of marriage proceeding.[1] Ms. Holcomb paid the guardian ad litem fees in full and obtained an assignment of the fees from the guardian ad litem. The Debtor asserts that the assignment negates the claim's status as a priority DSO claim under § 507(a)(1)(B).[2] *See* Objection to Proof of Claim #10 of Judith Holcomb ("Objection to Claim") – Docket No. 29. Judith Holcomb filed a response. *See* Docket No. 33. The parties filed stipulated facts[3] and requested the Court to determine the Objection to Claim based solely on the stipulated facts. For the reasons explained below, the Court will overrule the Objection to Claim, in part, and allow Judith Holcomb's Claim No. 10 in the

---

[1] *See* Proof of Claim No. 10-1 and 10-2 (amended).
[2] All future statutory references in this Memorandum Opinion are to Title 11 of the United States Code.
[3] *See* Stipulated Facts Regarding Debtor's Objection to Claim No. 10 (Doc. 29) and Creditor Judith Holcomb's Response Thereto (Docket No. 44) and Supplement to Stipulated Facts Regarding Debtor's Objection to Claim No. 10(Doc. 29) and Creditor Judith Holcomb's Response Thereto (Docket No. 49).

amount of $10,000 as a priority DSO claim. The Court will allow the remainder of Judith Holcomb's Claim No. 10 in the amount of $1,000 as a non-priority unsecured claim.

## STIPULATED FACTS

For purposes of adjudicating Judith Holcomb's claim, the parties stipulated to the following facts:

1. On May 6, 2019, Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code.

2. Judith Holcomb is the Debtor's ex-wife, the mother of the parties' minor child, and a creditor in this bankruptcy case.

3. Ms. Holcomb filed a proof of claim on July 15, 2019, as Claim No. 10-1. She filed an amended claim, No. 10-2 also on July 15, 2019.

4. Ms. Holcomb's Claim No. 10-2 is filed as an unsecured priority claim for $11,000 for the payment of *Guardian ad litem* fees (the "Claim").

5. On August 27, 2019, the Debtor filed a timely objection to the Claim.

6. On September 20, Holcomb filed a timely Response to Debtor's objection to the Claim.

7. In his Objection, Debtor asserts that the Claim fails because it was assigned to her by Laura Cass, the former *Guardian ad litem* (the "GAL").

8. The Claim was not assigned to Ms. Holcomb for the purpose of collecting on behalf of the GAL.

9. The Claim arises from a family court proceeding and Orders issued by Judge Gerard J. Lavelle in the New Mexico Family Court, in *Judy Stuteville nka Judy Holcomb*

*v. Jimmie Thad Stuteville,* Case No. D-725 2014-100, filed in the Seventh Judicial Court, Socorro County (the "Family Court Proceeding").

10. On July 18, 2016, Judge Lavelle entered an Order Appointing Guardian Ad Litem to represent the parties' children in the Family Court Proceeding. Laura Cass was appointed as the GAL. Both parties were ordered to pay $5,000 each in retainer fees to the GAL. The Order further provided that when the GAL fees exceeded the retainer, Petitioner (Ms. Holcomb) and Respondent (Debtor) shall each pay 50% of the additional fees.

11. On November 9, 2016, Judge Lavelle entered an Order (the "November 2016 Order") that stated:

> Both parties shall pay the GAL fees ½ each. Respondent [Debtor] shall pay the GAL $1500 within one week from today's date and each party shall pay the GAL $2,500 on or before December 9, 2016.

12. On June 21, 2017, Judge Lavelle entered a Minute Order and Judgment (the "June 2017 Judgment") in which he stated:

> the GAL is awarded a judgment jointly and severally, against both Petitioner [Ms. Holcomb] and Respondent [Debtor] in the amount of $10,000. The GAL shall have a methods/remedies available in law to execute against this judgment.

13. The June 2017 Judgment also imposed a sanction on Respondent (Debtor) as follows:

> As a sanction for his contempt, Petitioner [Ms. Holcomb] is awarded judgment against Respondent [Debtor] for attorney fees in the amount of $2,500; the GAL is awarded judgment against Respondent [Debtor] for GAL fees in the amount of $1,000.

14. On June 21, 2017, Judge Lavelle entered a Supplemental Minute Order and Judgment ("Supplemental Judgment") which clarified that interest on the judgment awarded in the Minute Order and Judgment accrued at 8.75% interest.

15. Paragraph 3 of the Supplemental Judgment provides:

> [t]he $10,000 joint and several liability judgment represents the amount Respondent [Debtor] owes the GAL for his 50% of the GAL fees. If the GAL executes this Judgment against Petitioner [Ms. Holcomb] (or if Petitioner [Ms. Holcomb] pays this Judgment voluntarily) then Petitioner [Ms. Holcomb] would take judgment against Respondent [Debtor] in an amount equal to the executed or voluntarily paid judgment.

16. Ms. Holcomb paid the fees awarded to the GAL in the Supplemental Judgment in full.

17. On July 28, 2017, the GAL filed an Assignment of Judgment ("Assignment") in which she stated that in exchange for payment of $11,000 by Ms. Holcomb, the GAL was assigning her judgment against the Respondent [Debtor] to Ms. Holcomb.[4]

18. The Assignment includes the following provision:

> As further consideration of this assignment, I will apply the $1000 Jimmie Stuteville sanction referred to able to the monies owed to me by Judith Holcomb, formerly known as Judy Stuteville in this matter.

19. The Supplemental Judgment grants Ms. Holcomb a judgment against Debtor if she pays the GAL, whether voluntarily or involuntarily.

DISCUSSION

The Bankruptcy Code defines a DSO as follows:

The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

---

[4] The Assignment language provides:
> I hereby assign all my right title and interest to the judgments and benefits conferred by the judgments and the *Temporary Domestic Order* to Judith Holcomb, formerly known as Judy Stuteville.

Assignment, ¶ 5.

-4-

Case 19-11085-j13   Doc 59   Filed 11/27/19   Entered 11/27/19 14:56:33 Page 4 of 11

> (A) owed to or recoverable by—
>> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>> (i) a separation agreement, divorce decree, or property settlement agreement;
>> (ii) an order of a court of record; or
>> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

The party asserting a DSO priority claim must satisfy the four statutory requirements enumerated in subsections (A), (B), (C), and (D) of § 101(14A). *See In re Webber*, 579 B.R. 374, 378 (Bankr. W.D. Va. 2016) ("The claimant, as the party seeking priority treatment, has the burden of persuading this Court that her obligation satisfies the requirements of 11 U.S.C. § 101(14A).") (citations omitted). *See also In re Taylor*, 737 F.3d 670, 678 (10th Cir. 2013) ("Section 101(14A)(A) defines a debt as a 'domestic support obligation' when four requirements are satisfied.").

The Debtor concedes that the debt represented by the Supplemental Judgment entered in the Family Court Proceeding would otherwise meet the requirements for a DSO, but for the GAL's Assignment to Ms. Holcomb. *See* Objection to Claim, ¶ 9 ("Debtor does not dispute had Cass [the GAL] retained the judgment she would be entitled to DSO classification."). Debtor contends that the debt lost its status as a priority DSO claim when the GAL assigned her interest

in the judgments to Ms. Holcomb. Debtor bases his argument on § 507(a)(1)(B), which grants priority status to DSO claims assigned to governmental units and to DSO claims voluntarily assigned for the purposes of collecting the debt. That Bankruptcy Code section provides, in relevant part:

> The following expenses and claims have priority in the following order:
> (1) First:
>     . . . .
>     (B) Subject to claims under subparagraph (A), allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition are assigned by a spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative to a governmental unit (unless such obligation is assigned voluntarily by the spouse, former spouse, child, parent, legal guardian, or responsible relative of the child for the purpose of collecting the debt) or are owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition be applied and distributed in accordance with applicable nonbankruptcy law.

11 U.S.C. § 507(a)(1)(B).

First, the Debtor points out that the GAL assigned the fee claim to Ms. Holcomb, who is not a governmental unit, and the statute does not grant priority status to claims assigned to private, non-governmental units. Second, the Debtor reasons that because the original holder of the Claim is the GAL, not Ms. Holcomb, the original claimholder did not benefit from the Assignment; consequently, the Debtor concludes that the Assignment extinguished the priority status of the claim.[5] The Debtor also argues that the Assignment was not made "for the purpose

---

[5] Debtor relies on cases that distinguish "true assignments" from assignments that still provide a direct benefit to the former spouse resulting from the payment of the claim. *See, e.g., In re Smith*, 180 B.R. 648, 652 (D. Utah 1995) ("[O]ne factor frequently used to distinguish between a true assignment and an assignment for collection is 'whether or not the nonpaying spouse will receive any present benefit from the payment of the debt.'") (quoting *Stranathan v. Stowell,* 15 B.R. 223, 226 (Bankr. D. Neb. 1981)); *In re Ulbrich*, No. 18-52574-RBK, 2019 WL 2895618, at * 4–*8 (Bankr. W.D. Tex. July 3, 2019) (distinguishing between true assignments an assignments made for collection purposes). "True assignments" do not retain status as a DSO. *See Ulbrich*, 2019 WL 2895618, at * 4 ("If . . . [the debtor] assigned the claim for any other purpose (i.e., a true assignment), then it fails to qualify as a DSO and

of collecting the debt" because the GAL has been paid in full. Finally, the Debtor asserts that Ms. Holcomb's payment to the GAL extinguished the debt, making the debt dischargeable under § 523(a)(15),[6] requiring classification of the Claim as a nonpriority unsecured claim.

The Court disagrees. Ms. Holcomb does not need to rely on the Assignment to obtain a priority DSO claim against the bankruptcy estate. Ms. Holcomb and the Debtor were ordered to pay the GAL's fees one-half each. The Debtor failed to pay his half of the GAL's fees. The GAL was awarded a judgment jointly and severally against both Ms. Holcomb and the Debtor for the $10,000 the Debtor failed to pay the GAL. The Supplemental Judgment awards Ms. Holcomb a direct claim against the Debtor for $10,000 in the event she pays the $10,000 to the GAL that the Debtor was ordered to pay. Ms. Holcomb paid the GAL $11,000, representing the Debtor's unpaid half of the GAL fees in the amount of $10,000, plus $1,000 awarded in favor of the GAL and against the Debtor as a sanction. Consequently, under the Supplemental Judgment, Ms. Holcomb has a direct claim against the Debtor for $10,000 without the need to base her claim on the Assignment. That direct claim meets all four requirements of a DSO.

First, the $10,000 debt the Debtor owns Ms. Holcomb pursuant to the Supplemental Judgment is a debt owed by the Debtor to his former spouse. Second, the debt, resulting from fees awarded to the GAL, is in the nature of support. "It is nearly universally recognized that

---

does not receiver § 507(a)(1)(A) priority."). Whether the assignment at issue is a "true assignment" is irrelevant. The Supplemental Judgment grants Ms. Holcomb a judgment against the Debtor for the Debtor's portion of the fees Ms. Holcomb paid to the GAL. Ms. Holcomb is the Debtor's former spouse, and is the holder of that claim.

[6] Section 523(a)(15) generally makes divorce-related debts owing to a former spouse that are not in the nature of support non-dischargeable in Chapter 7 proceedings. 11 U.S.C. § 523(a)(15); *Wade v. Acord (In re Acord)*, No. 18-10155, 2019 WL 2070732, at *1 (Bankr. D. Kan. Apr. 8, 2019) ("Non-support debts to former spouses incurred in the course of a divorce proceeding or in connection with a divorce decree are excepted from chapter 7 discharges under 11 U.S.C. § 523(a)(15)."). Such debts are, however, dischargeable in Chapter 13 cases. *See* 11 U.S.C. § 1328(a)(2) (excepting from discharge support obligations under § 523(a)(5), but not § 523(a)(15)); *In re Okrepka*, 533 B.R. 327, 333 (Bankr. D. Kan. 2015) ("§ 523(a)(15) debts are not excepted from discharge in a full compliance chapter 13 case because the § 523(a)(15) exception was not incorporated into § 1328(a).").

when a state domestic relations court appoints a guardian ad litem to protect the interests of a child, the services provided by the guardian ad litem have the effect of providing support." *In re Kassicieh*, 467 B.R. 445, 450 (Bankr. S.D. Ohio 2012), *aff'd,* 482 B.R. 190 (6th Cir. BAP 2012). *See also Miller v. Gentry (In re Miller)*, 55 F.3d 1487, 1490 (10th Cir. 1995) (holding that a debt to a guardian ad litem was a non-dischargeable support obligation under § 523(a)(5)). "[D]ebts to a guardian ad litem, who is specifically charged with representing the child's best interests . . . can be said to relate just as directly to the support of the child as attorney's fees incurred by the parents in a custody proceeding." *Miller,* 55 F.3d at 1490. The $10,000 that Ms. Holcomb paid the GAL represents fees for GAL services that the Debtor was ordered to pay. He did not pay those fees. Even though the GAL has now been paid, the Supplemental Judgment awarding Ms. Holcomb judgment against the Debtor nevertheless functions as support because it will reimburse Ms. Holcomb for the GAL's fees for GAL services that provided a benefit to the children in connection with the divorce proceeding, and which the Debtor, not Ms. Holcomb, was ordered to pay. Third, the $10,000 is a debt resulting from an order of a court of record.

Finally, the $10,000 debt owed by the Debtor to Ms. Holcomb under the Supplemental Judgment is a debt owing to a former spouse that Ms. Holcomb did not assign to a non-governmental unit. The GAL's Assignment to Ms. Holcomb did not transform the DSO into a non-priority unsecured claim because Ms. Holcomb may recover the $10,000 from the Debtor under the Supplemental Judgment without relying on the Assignment. In other words, that portion of the Claim in the amount of $10,000 directly owed by the Debtor to Ms. Holcomb under the Supplemental Judgment without the need for Ms. Holcomb to rely on the Assignment qualifies as a DSO because it is an unassigned debt owed to a former spouse for GAL fees in the

nature of support resulting from an order of a court of record. *See* 11 U.S.C. § 101(14A)(A) – (D).

*The Additional $1,000*

The state court required Ms. Holcomb and the Debtor each to pay one-half of the GAL fees. *See* November 2016 Order. In addition, by the June 2017 Judgment the state court ordered the Debtor to pay $1,000 to the GAL as a sanction. The Debtor did not pay the GAL his $10,000 share of the GAL fees and did not pay the $1,000 sanction. Ms. Holcomb paid the GAL the $10,000 which the Debtor was supposed to pay the GAL and for which Ms. Holcomb was jointly and severally liable to the GAL. *See* Supplemental Judgment. Ms. Holcomb also paid the GAL an additional $1,000, which the GAL applied to Ms. Holcomb's share of the GAL fees (not to the $1,000 sanction). Thus, in exchange for Ms. Holcomb's payment of $11,000 to the GAL, the GAL reduced Ms. Holcomb's liability for her share of GAL fees by $1,000 and assigned to Ms. Holcomb not only the GAL's right to collect $10,000 from the Debtor but also her right to collect the $1,000 sanction from the Debtor.

The Supplemental Judgment does not grant Ms. Holcomb a judgment against the Debtor for the $1,000 sanction payable by the Debtor to the GAL even if Ms. Holcomb were to pay the sanction amount to the GAL. Nor does the Supplemental Judgment otherwise obligate the Debtor to reimburse Ms. Holcomb for the $1,000 sanction amount she paid the GAL. Ms. Holcomb, therefore, does not hold a direct claim against the Debtor for the additional $1,000 she paid to the GAL. Ms. Holcomb must, instead, rely on the Assignment to assert a claim against the Debtor for the additional $1,000.

A sanction payable to a GAL does not give rise to a DSO claim by the GAL. It is not a payment for services provided by the GAL. It is those services that are in the nature of support.

-9-

*Cf. Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 723 (10th Cir. 1993) (the court must consider the substance of the obligation to determine whether the obligation is actually in the nature of support). Therefore, that portion of the Claim does not constitute a priority DSO claim because it does not function as support. Because the additional $1,000 is not a DSO, the Court need not address whether the Assignment causes that portion of the Claim to lose its priority status.

In sum, the Supplemental Judgment awarded Ms. Holcomb a direct claim against the Debtor that functions as support. Thus, the $10,000 obligation the Debtor owes Ms. Holcomb under the Supplemental Judgment constitutes an allowed DSO claim entitled to first priority treatment under § 507(a)(1)(A).[7] *See In re Penaran*, 424 B.R. 868, 877 (Bankr. D. Kan. 2010) (a DSO claim payable directly to or recoverable directly by an individual rather than a governmental assignee is entitled to first priority under § 507(a)(1)(A) and "must be paid in full during the plan term under §1322(a)(2)."). The additional $1,000 representing the sanction against the Debtor in favor of the GAL, which Ms. Holcomb paid and the GAL assigned to Ms. Holcomb, is not in the nature of support, does not constitute a DSO, and is not entitled to priority status.

WHEREFORE, IT IS HEREBY ORDERED that the Objection to Claim is overruled, in part. Ten thousand dollars ($10,000) of the Claim is entitled to first priority status under §

---

[7] Section 507(a)(1)(A) confers first priority status to:
> Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable nonbankruptcy law.

11 U.S.C. § 507(a)(1)(A).

507(a)(1)(A) as an allowed unsecured DSO claim. The remainder of the Claim in the amount of $1,000 is allowed as a non-priority unsecured claim.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: November 27, 2019

COPY TO:

Ronald E. Holmes
Attorney for Debtor
Davis Miles McGuire Gardner, PLLC
320 Gold SW, Suite 1111
Albuquerque, NM 87102

Bonnie P. Bassan
Attorney for Judith Holcomb
Askew & Mazel, LLC
1122 Central Ave. SW, Suite 1
Albuquerque, NM 87102